AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| ERROL GEORGE SIMPSON | ) Case No. 15-6394-Valle |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 15, 2015__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 952, 960(b)(2)(B)(ii), 841(a)(1), and 841(b)(1)(B) | Importation and Possession with the Intent to Distribute 500 grams or more of Cocaine. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

John J. Reddin, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __09/24/2015__

_____
Judge's signature

City and state:     Fort Lauderdale, Florida        Alicia O. Valle, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, John J. Reddin, being duly sworn, states:

1. I am employed as a Special Agent with the United States, Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HIS") and have been so employed for more than twenty-eight (28) years. I am currently assigned to the Transportation Conspiracy Unit in Fort Lauderdale, Florida. During the past decade, I have received extensive training and have conducted hundreds of investigations into the illegal trafficking, importation and transportation of narcotics into the United States. As part of my experience and training, I have become familiar with the methods drug traffickers use in importing, concealing, packaging and distributing controlled substances.

2. The information contained in this affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against ERROL GEORGE SIMPSON ("SIMPSON") for knowingly and intentionally importing into the United States more than 500 grams of cocaine from a place outside thereof and knowingly and intentionally possessing with the intent to distribute more than 500 grams of cocaine, in violation of Title 21, United States Code, Sections 952, 960(b)(2)(B)(ii), 841(a)(1), and 841(b)(1)(B). The following is based upon my own personal knowledge and information supplied to me by law enforcement personnel as well as other witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact known to law enforcement about this investigation.

3. On September 15, 2015, at approximately 9:30 P.M., SIMPSON, a Jamaican national, arrived in the United States, at the Fort Lauderdale/Hollywood International Airport, in Broward

County, the Southern District of Florida, from Montego Bay, Jamaica, onboard Jet Blue Airlines flight number 876. SIMPSON was admitted to the United States as a B2 visitor for pleasure.

4. SIMPSON was referred to Customs and Border Protection ("CBP") secondary baggage control for further inspection. During the CBP inspection, SIMPSON exhibited nervous behavior and was subsequently questioned. During questioning, SIMPSON provided inconsistent statements about who was going to pick him up at the airport and stated, "What if I choose not to go through this process? I want to be sent back to Jamaica." After additional questioning, SIMPSON was asked if he had swallowed anything and what did he have. SIMPSON replied, "I don't know what I have." CBP informed SIMPSON he was being taken to the hospital for a monitored bowel movement.

5. Emergency Medical Services was notified and subsequently transported SIMPSON to Broward Health Medical Center ("BHMC"). While at the hospital, SIMPSON gave the emergency room doctor consent for an x-ray examination. The examination revealed the presence of foreign bodies in SIMPSON'S digestive system. SIMPSON subsequently passed several of the foreign bodies, identified as pellets, which had been previously visible on the x-ray. Law enforcement field tested the contents of the pellets excreted by SIMPSON and the pellets field tested positive for cocaine.

6. Your affiant arrived at the hospital at approximately 12:40 P.M. on September 17, 2015. SIMPSON was read his *Miranda* warnings and subsequently agreed to speak with law enforcement without an attorney present. SIMPSON stated that he swallowed numerous pellets, but could not recall exactly how many he ingested. SIMPSON admitted he knew the

pellets contained a drug, but did not know what type. SIMPSON further said he was going to be paid up to $5,000 in United States currency depending on the amount he had transported.

7. On September 23, 2015, SIMPSON was arrested after his released from BHMC upon passing a total of 148 pellets weighing approximately 1.34 kilograms.

8. Based on the foregoing facts, your affiant submits that there is probable cause to believe that ERROL GEORGE SIMPSON did knowingly and intentionally import into the United States more than 500 grams of cocaine from a place outside thereof and did knowingly and intentionally possess with the intent to distribute more than 500 grams of cocaine, in violation of Title 21, United States Code, Sections 952, 960(b)(2)(B)(ii), 841(a)(1), and 841(b)(1)(B).

FURTHER YOUR AFFIANT SAYENTH NAUGHT.

John J. Reddin, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 24th day of September, 2015.

Alicia O. Valle
United States Magistrate Judge